# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REO BOREN,

vs.

INSPECTOR GENERAL, et. al.

3:09-cv-00731-HDM (WGC)

**ORDER ON MOTION**

Before the court is Defendants Motion for Enlargement of Time to File Dispositive Motion [Third Request] on November 21, 2011. (Doc. # 106.) The dispositive motion deadline is currently November 21, 2011, and Defendants request an extension of thirty (30) days.

Defendants indicate that they are considering filing an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies after reviewing the summary of Plaintiff's grievances in the Nevada Department of Corrections (NDOC) Nevada Offender Tracking Information System (NOTIS). (Doc. # 106.) However, in light of recent court orders raising concerns about the sufficiency of providing only the NOTIS documents to support such motions, and not the actual grievance documentation, Defendants wish to review the original grievances prior to filing their motion. (*Id.*) In light of the volume of Plaintiff's grievance file, as well as travel plans for the Thanksgiving holiday, this will not be accomplished in time to meet the current dispositive motion deadline. (*Id.*) Other reasons for requesting the enlargement of time include pending discovery motions, and the inability to address Plaintiff's medical issues with NDOC Health Information Director, Karen Walsh,

1  until she returns from vacation.  (*Id.*)

2  Good cause appearing, Defendants' request is **GRANTED**, and the court will extend
3  the dispositive motion deadline thirty (30) days from the date of this order. Therefore, the
4  parties shall have up to and including **December 22, 2011**, to file any dispositive motions.

5  In conclusion, the court will briefly address the issue concerning the grievance
6  documentation alluded to in Defendants' motion in an attempt to circumvent the filing of
7  thousands of pages of documentation, which may be unnecessary. It is apparent from
8  Defendants' motion that counsel is aware of the evidentiary issues raised by the court with
9  respect to the filing of an unenumerated 12(b) motion to dismiss. The issues raised by the
10 court in this regard include apparent discrepancies between the grievance summaries in the
11 NOTIS report and the information contained within the actual grievance filed by the inmate,
12 and the failure to authenticate evidence filed in support of these motions.

13 While the NOTIS summary of grievances is helpful, and the court does not discourage
14 Defendants from filing these reports, the summary should only serve to supplement the
15 actual documents that form the basis of the affirmative defense. Therefore, if a defendant is
16 referring to a specific grievance or grievances to support an unenumerated 12(b) motion, the
17 relevant grievance documentation, and not simply the NOTIS report, should be filed in
18 support of the motion.  If, on the other hand, the defendants are claiming that none of the
19 thousands of pages contained within the inmate's grievance file make reference to the claims
20 the inmate is asserting in his lawsuit, the defendant need not provide the court with
21 thousands of pages of documents from the inmate's grievance file.  It is sufficient for the
22 defendant to provide a declaration, under penalty of perjury, by a person who has reviewed
23 the actual grievance file for the relevant time period (and not simply the NOTIS report),
24 certifying that the grievance documentation reviewed makes no reference to the
25 constitutional claim at issue. This would obviate the need to file thousands of pages of
26 grievance documentation with the court.

27 / / /
28 / / /

If there is any confusion with respect to this issue in a particular case, counsel is encouraged to file a brief motion requesting a telephonic status conference, and the court will do its best to accommodate the parties in an expeditious fashion.

**IT IS SO ORDERED.**

DATED:   November 22, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE