UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| REO BOREN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INSPECTOR GENERAL, *et. al.*<br><br>　　　　Defendants. | 3:09-cv-00731-HDM (WGC)<br><br>**MINUTE ORDER**<br>July 9, 2012 |

PRESENT:　　THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:　　KATIE OGDEN　　REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　　　Before the court is Defendants' Motion for Leave to File Confidential Documents in Support of Defendants' Motion for Summary Judgment Under Seal and In Camera. (Doc. # 114.) Specifically, Defendants seek to file Plaintiff's medical records (Exhibit I, Attachments I-1 and I-2), and Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 405 and Ely State Prison's (ESP) Operational Procedure (OP) 405, governing the use of force (Exhibit A, Attachment A-4(a)-(c)), under seal. (Doc. # 114 at 1-2.)

　　　　"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).
///
///

MINUTES OF THE COURT
3:09-cv-00731-HDM (WGC)
Date: July 9, 2012
Page 2

      A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

      The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp*., 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

      With respect to AR 405 and OP 405, these documents detail NDOC and ESP guidelines regarding when and how force is to be applied. (Doc. # 114 at 2.) Defendants assert, and the court agrees, that disclosure of these documents pose a risk to the safety and security of NDOC employees and inmates, as well as the public.

      The court finds that "compelling reasons" exist for keeping these exhibits under seal; therefore, Defendants' motion is **GRANTED**.

      **IT IS SO ORDERED.**

                                         LANCE S. WILSON, CLERK

                                           By:  /s/
                                                    Deputy Clerk