1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
10            **DISTRICT OF NEVADA**
11

12  REO BOREN,                          )       3:09-cv-00731-HDM-WGC
                                        )
13              Plaintiff,              )
                                        )       ORDER
14  vs.                                 )
                                        )
15  BARRY, BYBEE, BRACKBILL,            )
    CARRASCO, COLEMAN, COSTNER,         )
16  HOLLINGSWORTH, JACOBY, KIRCHEN,     )
    MARTIN, PEREZ, PERKINS, RAMSEY,     )
17  ROMERO, SAUNDERS, SCHMIDT, SMIT,    )
    and JOHN DOES,                      )
18                                      )
                Defendants.             )
19  _____ )

20      The court has considered the report and recommendation of the

21  United States Magistrate Judge (#134) filed on July 9, 2012, in

22  which the magistrate judge recommends granting the defendants'

23  motion for summary judgment and giving the plaintiff notice of

24  intent to dismiss the unserved defendants.  No objections to the

25  report and recommendation have been filed, and the time for doing

26  so has expired.

27      The court has considered the pleadings and memoranda of the

28  parties and other relevant matters of record and has made a review

                                    1

and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and the court hereby accepts and adopts in part and rejects in part the report and recommendation of the United States Magistrate Judge (#134).

As an initial note, plaintiff's opposition and supplemental opposition cite eleven exhibits (including one group of exhibits), but not all of the exhibits are attached. The magistrate judge declined to consider those exhibits that had not been attached to plaintiff's oppositions or identified by location. The group of exhibits – "defendants exhibits 1 thru 19" – is not germane to any claims remaining in this action. However, the four other, unattached exhibits – the statements written by Gray, Stradley, Parks, and Shea – do touch upon plaintiff's claims. All four exhibits were attached not only to plaintiff's second amended complaint but also to defendants' reply. The court therefore considers all exhibits cited by plaintiff in opposition to summary judgment, including those that were not attached to the oppositions.

The court adopts and accepts the report and recommendation except with respect to plaintiff's excessive force claim stemming from the July 23, 2009, incident. As to that claim, the court finds there is sufficient evidence in the record to create a genuine issue of material fact, and summary judgment on that claim must therefore be denied.

As to the July 23, 2009, excessive force claim, the magistrate judge recommended granting summary judgment on the grounds that the plaintiff relied only on the conclusory allegations of his complaint and did not produce any evidence. However, Thomas Shea

1  states in a letter that on July 23, 2009, he observed the

2  following:

3      [W]hile walking Mr. Boren just past the slider door and
       to the stairs, the c/o's all of a sudden dropped Mr.
4      Boren right there on the tier.  His head hit the ground
       with a horrific thud and while completely shackled, hands
5      behind the back and feet, one of the c/os was doing his
       best to contort Mr. Boren's wrist & arms, while in cuffs,
6      face down on the ground[.]  I could also see the c/o
       contorting Mr. Boren[']s arms, with elbow and forearm on
7      the back of his neck, the c/o was kneeing Mr. Boren in
       the face for several moments until CERT finally arrived.
8      Mr. Boren showed no reluctance, there was no resistance
       or defiance. . . .

9
10 (Pl. Sec. Am. Compl. Ex. 2 (Shea Letter)).[1]  In addition, plaintiff

11 asserts in his complaint that he was taken to the floor while his

12 arms and legs were shackled after he made a comment about

13 Hollingsworth's hair pattern.  If believed by the jury, these

14 allegations could support an inference and finding that

15 Hollingsworth was acting in response to plaintiff's comments, and

16 not to any aggressive behavior by the plaintiff, and that he

17 therefore used force maliciously and sadistically for the purpose

18 of causing harm.  While the court recognizes that Hollingsworth has

19 provided a different version of events,[2] the plaintiff has

20 presented sufficient evidence to create a genuine issue of material

21 fact as to whether Hollingsworth employed excessive force on July

22 23, 2009.  Construing all evidence in favor of the plaintiff, as

23 the court is required to do at this stage of the proceedings,

24 _____

25     [1] The declaration of Seville Parks also states that he has "personal
   knowledge" that plaintiff was taken to the floor in full restraints for "no
26 reason whatsoever," and that plaintiff did not attempt to harm or strike the
   defendants during the incident.  (Pl. Sec. Am. Compl. Ex. 4).  However, it
27 is unclear whether Parks actually observed the incident.

28     [2] Defendants have included a video associated with this claim, but it
   does not show the actual incident, only the aftermath.

                                    3

summary judgment must therefore be denied on that claim.[3]

The remainder of the magistrate judge's report and recommendation should be affirmed even if the court considers the evidence the magistrate judge declined to consider.

Much of John Gray's declaration is not relevant to plaintiff's claims, but it does contain assertions that he personally observed plaintiff being denied meals, that defendant Bybee had once lied about a specific incident of plaintiff throwing his tray of food, and that plaintiff often told Gray how hungry he was. (Pl. 2d Am. Compl. Ex. 3 (Gray Decl.)). However, Gray does not state that plaintiff was refused meals when he asked for them or when he complied with distribution requirements. In fact, the evidence in the record clearly demonstrates that the only times plaintiff did not receive meals was when he either refused them or refused to comply with meal distribution orders and regulations. Further, the evidence shows that plaintiff regularly purchased food from the canteen, and that he was doing so because he did not want to eat the prison food. (*See* Def. Mot. Summ. J. Exs. C(h) & C(i) (plaintiff's grievances complaining about restricted access to the canteen)). A mere scintilla of evidence is insufficient to create a genuine issue of material fact on plaintiff's claim that he was denied meals. *See British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978). The magistrate judge therefore correctly concluded that summary judgment should be granted on plaintiff's

---

[3] While defendants' motion for summary judgment broadly asserts qualified immunity, the discussion is limited to plaintiff's claims for deliberate indifference and does not address plaintiff's claims based on excessive force. (*See* Def. Mot. Summ. J. 24-25). Accordingly, Hollingsworth has not raised qualified immunity in defense of this claim.

1  claim of deliberate indifference based on the deprivation of meals.

2      Mark Stradley's declaration relates only to the alleged use of

3  excessive force on November 6, 2008.  (Pl. 2d Am. Compl. Ex. 1

4  (Stradley Decl.)).  Because the sole defendant named in connection

5  with this claim has already been dismissed for failure to timely

6  serve, this claim may not proceed regardless of what Stradley's

7  declaration says.

8      Finally, Seville Parks' affidavit does not provide any support

9  to plaintiff's claims.

10     In accordance with the foregoing, the report and

11  recommendation of the United States Magistrate Judge is adopted in

12  part and rejected in part.  The defendants' motion for summary

13  judgment is **DENIED** as to plaintiff's July 23, 2009, excessive force

14  claim against Hollingsworth.  Plaintiff's claim based on the

15  November 6, 2008, incident, which named only defendant "Ringney,"

16  is dismissed without prejudice.  The motion is **GRANTED** in all other

17  respects.  Accordingly, the claims against defendants Barry,

18  Brackbill, Bybee, Carrasco, Coleman, Costner, Kirchen, Martin,

19  Perez, Ramsey, Romero, Saunders, Schmidt, and Smit, and all claims

20  against Hollingsworth except for the claim of excessive force based

21  on the July 23, 2009 incident, are dismissed with prejudice.  The

22  court will give notice of intent to dismiss the unserved defendants

23  without prejudice in a separate order.

24     **IT IS SO ORDERED.**

25     DATED: This 31st day of August, 2012.

27  Howard D McKibben
    _____
    UNITED STATES DISTRICT JUDGE