**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| REO BOREN, | ) | 3:09-cv-00731-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| BARRY, BYBEE, BRACKBILL, CARRASCO, COLEMAN, COSTNER, HOLLINGSWORTH, JACOBY, KIRCHEN, MARTIN, PEREZ, PERKINS, RAMSEY, ROMERO, SAUNDERS, SCHMIDT, SMIT, and JOHN DOES, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

　　The court has considered the report and recommendation of the United States Magistrate Judge (#134) filed on July 9, 2012, in which the magistrate judge recommends granting the defendants' motion for summary judgment and giving the plaintiff notice of intent to dismiss the unserved defendants. No objections to the report and recommendation have been filed, and the time for doing so has expired.

　　The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review

1

and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and the court hereby accepts and adopts in part and rejects in part the report and recommendation of the United States Magistrate Judge (#134).

As an initial note, plaintiff's opposition and supplemental opposition cite eleven exhibits (including one group of exhibits), but not all of the exhibits are attached. The magistrate judge declined to consider those exhibits that had not been attached to plaintiff's oppositions or identified by location. The group of exhibits – "defendants exhibits 1 thru 19" – is not germane to any claims remaining in this action. However, the four other, unattached exhibits – the statements written by Gray, Stradley, Parks, and Shea – do touch upon plaintiff's claims. All four exhibits were attached not only to plaintiff's second amended complaint but also to defendants' reply. The court therefore considers all exhibits cited by plaintiff in opposition to summary judgment, including those that were not attached to the oppositions.

The court adopts and accepts the report and recommendation except with respect to plaintiff's excessive force claim stemming from the July 23, 2009, incident. As to that claim, the court finds there is sufficient evidence in the record to create a genuine issue of material fact, and summary judgment on that claim must therefore be denied.

As to the July 23, 2009, excessive force claim, the magistrate judge recommended granting summary judgment on the grounds that the plaintiff relied only on the conclusory allegations of his complaint and did not produce any evidence. However, Thomas Shea

states in a letter that on July 23, 2009, he observed the following:

> [W]hile walking Mr. Boren just past the slider door and to the stairs, the c/o's all of a sudden dropped Mr. Boren right there on the tier.  His head hit the ground with a horrific thud and while completely shackled, hands behind the back and feet, one of the c/os was doing his best to contort Mr. Boren's wrist & arms, while in cuffs, face down on the ground[.]  I could also see the c/o contorting Mr. Boren[']s arms, with elbow and forearm on the back of his neck, the c/o was kneeing Mr. Boren in the face for several moments until CERT finally arrived. Mr. Boren showed no reluctance, there was no resistance or defiance. . . .

(Pl. Sec. Am. Compl. Ex. 2 (Shea Letter)).[1]  In addition, plaintiff asserts in his complaint that he was taken to the floor while his arms and legs were shackled after he made a comment about Hollingsworth's hair pattern.  If believed by the jury, these allegations could support an inference and finding that Hollingsworth was acting in response to plaintiff's comments, and not to any aggressive behavior by the plaintiff, and that he therefore used force maliciously and sadistically for the purpose of causing harm.  While the court recognizes that Hollingsworth has provided a different version of events,[2] the plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether Hollingsworth employed excessive force on July 23, 2009.  Construing all evidence in favor of the plaintiff, as the court is required to do at this stage of the proceedings,

---

[1] The declaration of Seville Parks also states that he has "personal knowledge" that plaintiff was taken to the floor in full restraints for "no reason whatsoever," and that plaintiff did not attempt to harm or strike the defendants during the incident. (Pl. Sec. Am. Compl. Ex. 4).  However, it is unclear whether Parks actually observed the incident.

[2] Defendants have included a video associated with this claim, but it does not show the actual incident, only the aftermath.

3

1  summary judgment must therefore be denied on that claim.[3]

2  The remainder of the magistrate judge's report and
3  recommendation should be affirmed even if the court considers the
4  evidence the magistrate judge declined to consider.

5  Much of John Gray's declaration is not relevant to plaintiff's
6  claims, but it does contain assertions that he personally observed
7  plaintiff being denied meals, that defendant Bybee had once lied
8  about a specific incident of plaintiff throwing his tray of food,
9  and that plaintiff often told Gray how hungry he was.  (Pl. 2d Am.
10 Compl. Ex. 3 (Gray Decl.)).  However, Gray does not state that
11 plaintiff was refused meals when he asked for them or when he
12 complied with distribution requirements.  In fact, the evidence in
13 the record clearly demonstrates that the only times plaintiff did
14 not receive meals was when he either refused them or refused to
15 comply with meal distribution orders and regulations.  Further, the
16 evidence shows that plaintiff regularly purchased food from the
17 canteen, and that he was doing so because he did not want to eat
18 the prison food.  (*See* Def. Mot. Summ. J. Exs. C(h) & C(i)
19 (plaintiff's grievances complaining about restricted access to the
20 canteen)).  A mere scintilla of evidence is insufficient to create
21 a genuine issue of material fact on plaintiff's claim that he was
22 denied meals.  *See British Airways Bd. v. Boeing Co.,* 585 F.2d 946,
23 952 (9th Cir. 1978).  The magistrate judge therefore correctly
24 concluded that summary judgment should be granted on plaintiff's

---

[3] While defendants' motion for summary judgment broadly asserts qualified immunity, the discussion is limited to plaintiff's claims for deliberate indifference and does not address plaintiff's claims based on excessive force.  (*See* Def. Mot. Summ. J. 24-25).  Accordingly, Hollingsworth has not raised qualified immunity in defense of this claim.

4

1 claim of deliberate indifference based on the deprivation of meals.

2 Mark Stradley's declaration relates only to the alleged use of excessive force on November 6, 2008.  (Pl. 2d Am. Compl. Ex. 1 (Stradley Decl.)).  Because the sole defendant named in connection with this claim has already been dismissed for failure to timely serve, this claim may not proceed regardless of what Stradley's declaration says.

8 Finally, Seville Parks' affidavit does not provide any support to plaintiff's claims.

10 In accordance with the foregoing, the report and recommendation of the United States Magistrate Judge is adopted in part and rejected in part.  The defendants' motion for summary judgment is **DENIED** as to plaintiff's July 23, 2009, excessive force claim against Hollingsworth.  Plaintiff's claim based on the November 6, 2008, incident, which named only defendant "Ringney," is dismissed without prejudice.  The motion is **GRANTED** in all other respects.  Accordingly, the claims against defendants Barry, Brackbill, Bybee, Carrasco, Coleman, Costner, Kirchen, Martin, Perez, Ramsey, Romero, Saunders, Schmidt, and Smit, and all claims against Hollingsworth except for the claim of excessive force based on the July 23, 2009 incident, are dismissed with prejudice.  The court will give notice of intent to dismiss the unserved defendants without prejudice in a separate order.

**IT IS SO ORDERED.**

DATED: This 31st day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

5