UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| REO BOREN, | ) | |
| | ) | Case No.: 3:09-cv-00731-HDM-WGC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER FOR PREPARATION** |
| | ) | **OF JURY INSTRUCTIONS** |
| HOLLINGSWORTH, | ) | |
| | ) | |
| Defendant. | ) | |

All proposed jury instructions are required to be filed and served at least five (5) days prior to the trial. Jury instructions are to be submitted in the following format:

    (a) The parties shall jointly submit one set of agreed upon instructions. To accomplish this, the parties shall serve their proposed instructions on each other two (2) weeks prior to the trial. The parties shall then meet, confer, and submit to the Court one complete set of agreed instructions.

    (b) If the parties cannot agree upon one complete set of instructions, they shall submit one set of those instructions that have been agreed upon, and each party shall submit a supplemental set of instructions which are not agreed upon.

    (c) These joint instructions and supplemental instructions shall be filed five (5) days prior to the trial. Each party shall then file, two (2) days before trial, any objections to the non-agreed upon instructions proposed by the other party. All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety. The objection should then specifically set forth the objectionable material in the proposed instruction. The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction. Where applicable, the objecting party shall submit an alternative instruction.

    (d) The parties shall submit the proposed joint set of instructions and proposed supplemental instructions in the following format:

        (I) there must be two (2) copies of each instruction;

        (ii) the first copy shall indicate the number of the proposed instruction and the authority supporting each instruction; and

(iii) the second copy shall contain <u>only</u> the proposed instruction – there should be no other marks or writings on the second copy except for the word "Instruction #____ " in the bottom margin. (See Attachment 1, attached hereto.)

(e) On the day of trial, the parties may submit a concise argument supporting the appropriateness of each party's proposed instructions to which the other party objected.

(f) All instructions should be short, concise, understandable, and <u>neutral</u> statements of law. Argumentative or formal instructions are improper, will not be given, and should not be submitted.

(g) Parties should also note that any modifications of instructions from statutory authority, <u>Devitt and Blackmar</u>, <u>Ninth Circuit Manual of Model Jury Instructions</u>, or any other form instructions, must specifically state the modification made to the original form instruction and the authority supporting the modification.

(h) Failure to comply with any of the above instructions may subject the noncomplying party and/or counsel to sanctions.

(I) Using WordPerfect software, counsel shall submit to the Court proposed jury instructions without citations: one document containing the joint jury instructions, one document for the plaintiff's proposed instructions, and one document for the defendant's proposed instructions. Proposed jury instructions shall be submitted via email and addressed to Courtroom Administrator at paris_rich@nvd.uscourts.gov.

**IT IS SO ORDERED**.

The Court further orders the Clerk to serve copies of this Order on all parties.

The date of the Clerk's file mark shall constitute the date of this Order.

                                    /s/  
                                  HOWARD D. McKIBBEN  
                                  Senior United States District Judge

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you.

1. Questions and objections are not evidence. You should not be influenced by the Court's ruling on them.

2. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

3. Anything you may have seen or heard when the Court was not in session is not evidence. You are able to decide the case solely on the evidence received at the trial.

Instruction No. _____

ATTACHMENT 1