UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| REO BOREN, | ) | 3:09-cv-00731-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| HOLLINGSWORTH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 7, 2012, the court scheduled trial in this matter for February 26, 2013, and directed the parties to file a proposed joint pretrial order on or before January 11, 2013. The order was served on plaintiff at the address on file with the court, 1228 E. San Bernardino Ave., South Lake Tahoe, CA 96150.[1]

On January 11, 2013, defense counsel advised the court that correspondence he had sent plaintiff in September 2012 at the address on file with the court was returned to defendant with a forwarding address of 723A E. Victoria St. #A, Santa Barbara, CA 93103. Counsel further advised that although he immediately resent

---

[1] The plaintiff last updated his address on February 10, 2012.

1

the correspondence to the forwarding address, and the correspondence was never returned, he realized on January 10, 2013, that he had inadvertently listed the address as 723 E. Victoria St. #A rather than 723A E. Victoria St. #A.  Upon recognizing the error, counsel sent a letter to plaintiff at the correct address, asking plaintiff to contact him immediately and to submit his portion of the joint pretrial order.  Defense counsel represents that plaintiff has at no point contacted him about the joint pretrial order.

    The court has the inherent authority to dismiss an action for failure to prosecute.  *See* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute); L.R. 41-1; *Link v. Wabash R. Co.*, 370 U.S. 626, 628-32 (1962) (holding that court has inherent authority to *sua sponte* dismiss an action for the plaintiff's failure to prosecute).  Further, pursuant to LSR 2-2, the plaintiff is required to keep the court apprised of his or her current address at all times.  The rule states:

> The plaintiff shall immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice.

    On the record before this court, plaintiff has both failed to prosecute this action, either by timely filing a proposed pretrial order or by filing any other notice with the court, and apparently failed to advise the court of his current address.  Accordingly, the plaintiff is hereby ordered to, on or before February 11, 2013, show cause why this action should not be dismissed for failure to prosecute.  Failure to respond to the court's order will result in

2

the dismissal of this action with prejudice.  The clerk of the
court shall serve a copy of this order on plaintiff at both 1228 E.
San Bernardino Ave., South Lake Tahoe, CA 96150 and 723A E.
Victoria St. #A, Santa Barbara, CA 93103.

**IT IS SO ORDERED.**

DATED: This 28th day of January, 2013.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE

3